IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 14, 2003 Session

## HUGH PETER BONDURANT v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Giles County**
**No. 10374     Stella Hargrove, Judge**

---

**No. M2002-00863-CCA-R3-PC - Filed April 16, 2003**

---

The Appellant was convicted in 1991 of second degree murder, and his conviction was affirmed on direct appeal. He subsequently filed a "PETITION FOR RELIEF FROM CONVICTION OR SENTENCE PURSUANT TO TENNESSEE CODE ANNOTATED 40-30-301 THROUGH 40-30-312," and the trial court summarily dismissed the petition relying upon the Post-Conviction Procedure Act. The Appellant now appeals the summary dismissal of his opinion. Our review of the complete petition filed by the Appellant reveals that, despite the statutory sections inappropriately cited in its title, the Appellant sought relief under the Post-Conviction DNA Analysis Act. We therefore reverse the judgment of the trial court and remand to the trial court for findings of fact pursuant to the Post-Conviction DNA Analysis Act.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

M. Wallace Coleman, Jr., Lawrenceburg, Tennessee, for the appellant, Hugh Peter Bondurant.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 1991, a Giles County jury found the Appellant, Hugh Peter Bondurant, and his brother guilty of second degree murder, and the trial court sentenced them to twenty-five years' incarceration. See State v. Kenneth Patterson (Pat) Bondurant, No. 01C01-9501-CC-00023, 1996 Tenn. Crim. App. LEXIS 322, at *1 (Tenn. Crim. App., Nashville, May 24, 1996). This Court affirmed the Appellant's conviction on appeal, see id. at *44, and the Tennessee Supreme Court denied permission to appeal.

On February 28, 2002, the Appellant filed a pro se "PETITION FOR RELIEF FROM CONVICTION OR SENTENCE PURSUANT TO TENNESSEE CODE ANNOTATED 40-30-301 THROUGH 40-30-312." On March 21, 2002, the trial court summarily dismissed the petition without an evidentiary hearing. In its written order dismissing the petition, the trial court stated, in pertinent part: (1) that it treated the petition as a petition for post-conviction relief; (2) that the Appellant's first petition for post-conviction relief had been dismissed for failure to timely file and that the petition in this case was dismissed as a second filing; (3) that the petition contained no grounds upon which to grant relief; and (4) that the Appellant was not entitled to relief. The Appellant appeals the dismissal of his petition, arguing that the trial court erred by summarily dismissing the petition without adequately considering the issues contained therein, by failing to appoint counsel to aid the Appellant in this matter, and by failing to allow the Appellant to be "present in court on the day specified for initial review." We reverse the judgment of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.

The Appellant argues that the trial court erred by summarily dismissing his petition without adequately considering the issues raised therein and without appointing counsel. He states that although the title of the petition refers to Tennessee Code Annotated § 40-30-301 to -312, it is clear from the body of his petition that he was seeking relief under the Post-Conviction DNA Analysis Act of 2001, codified at Tennessee Code Annotated § 40-30-401 to -412. In support of his position, he points out that the petition quotes language from § 40-30-403 of the Act. He also points out the following language from the petition: "This petitioner did not have a statutory right to file this instant petition for post-conviction relief until the enactment of Tennessee Code Annotated 40-30-301 Et. Seq. (Post-Conviction DNA Analysis Act of 2001). The Petitioner's conviction was for a 1986 murder which was tried in 1991 before the advent of adequate DNA testing procedures." In his brief, he argues that "a careful and complete reading of the Petition reveals quite plainly that the Defendant was seeking relief under the Post-Conviction DNA Analysis Act . . . ." He further argues that the trial court's "failure to realize the true spirit of his Petition constitutes 'plain error.'"

> The Post-Conviction DNA Analysis Act provides, in pertinent part, that a person convicted of and sentenced for the commission of . . . second degree murder . . . may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-403. "After notice to the prosecution and an opportunity to respond" the Act *requires* a court to order DNA analysis if the court finds (1) that "[a] reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis," id. § 40-30-404; (2) that "[t]he evidence is still in existence and in such a condition that DNA analysis may be conducted," id.; (3) that "[t]he evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis," id.; and (4) "[t]he application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice." Id.

However, a court *may* order DNA analysis if it makes the following findings:

(1) A reasonable probability exists that analysis of the evidence will produce DNA results which would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;

(2) [t]he evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) [t]he evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) [t]he application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Id. § 40-30-405. The Act also states that "[t]he court may, at any time during proceedings instituted under this part, appoint counsel for an indigent petitioner." Id. § 40-30-407.

In this case, the trial court treated the Appellant's petition as a second petition for post-conviction relief and therefore summarily dismissed the petition. In dismissing the petition, the court relied on Tennessee Code Annotated § 40-30-202 of the Post-Conviction Procedure Act, which provides, in part, as follows:

This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed.

Id. § 40-30-202(c). However, it is clear from our reading of the Appellant's petition that the petition was filed pursuant to the new Post-Conviction DNA Analysis Act. Therefore, we reverse the judgment of the trial court and remand this case to the trial court to make findings of fact pursuant to the Post-Conviction DNA Analysis Act regarding whether DNA analysis should be ordered in this case, whether counsel should be appointed to aid the Appellant in this cause, and whether the Appellant's physical presence is necessary in the Circuit Court for Giles County for the adjudication of this case.

Accordingly, the judgment of the trial court is REVERSED, and this case is REMANDED to the trial court for further proceedings consistent with this opinion.

 

_____
ROBERT W. WEDEMEYER, JUDGE